# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 18, 2011

Lyle W. Cayce
Clerk

No. 09-40207

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DECIDERIO MARBAN-CALDERON,

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Texas

Before HIGGINBOTHAM, SMITH, and ELROD, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

Defendant-appellant Deciderio Marban-Calderon ("Marban") pleaded guilty in October 2008 to one count of illegal reentry following a previous deportation.[1] At a sentencing hearing in February 2009, Marban received a 16-level sentence enhancement for a prior felony drug trafficking offense[2] based on his 2005 Texas state-law conviction for delivery of a controlled substance.[3] Although we have held that this offense does not qualify for a drug trafficking

---

[1] *See* 8 U.S.C. §§ 1326(a)–(b).

[2] *See* U.S.S.G. § 2L1.2(b)(1)(A)(i) (2008).

[3] *See* TEX. HEALTH & SAFETY CODE § 481.112(a).

No. 09-40207

enhancement under past editions of the Sentencing Guidelines, the Guidelines were amended effective November 2008 to broaden the definition of a drug trafficking offense.  Applying the 2008 edition of the Sentencing Guidelines, we affirm Marban's sentence.

I

Marban first argues that the district court violated the Ex Post Facto Clause[4] by applying the 2008 Guidelines to conduct occurring before those Guidelines went into effect.  Because Marban did not object at sentencing to the use of the 2008 Guidelines, we review only for plain error.[5]  Marban must show that the alleged error was "clear or obvious" and that it affects his substantial rights.[6]

Our court has not yet decided whether the Ex Post Facto Clause permits retroactive application of Sentencing Guidelines that recommend a greater sentence than the Guidelines in effect at the time of the offense.[7]  Our sister circuits which have considered this issue are divided.[8]  In light of this

---

[4] U.S. CONST. art. I, § 9, cl. 3.

[5] *Puckett v. United States*, 129 S. Ct. 1423, 1428–29 (2009) (citing FED. R. CRIM. P. 52(b)); *United States v. Castillo-Estevez.* 597 F.3d 238, 240 (5th Cir. 2010), *cert. denied*, 131 S. Ct. 457 (2010).

[6] *Puckett*, 129 S. Ct. at 1429.

[7] *See Castillo-Estevez*, 597 F.3d at 241 (expressly reserving this question).

[8] *Compare, e.g.*, *United States v. Demaree*, 459 F.3d 791, 795 (7th Cir. 2006) (holding that the Ex Post Facto Clause does not apply to the advisory Sentencing Guidelines), *and United States v. Barton*, 455 F.3d 649, 655 n.4 (6th Cir. 2006) (same), *with United States v. Turner*, 548 F.3d 1094, 1099–1100 (D.C. Cir. 2008) (holding that the Ex Post Facto Clause prohibits retroactive application Sentencing Guidelines that would recommend a greater

No. 09-40207

disagreement, we held in *United States v. Castillo-Estevez* that applying an amended version of the Sentencing Guidelines does not rise to the level of plain error.[9]

Our decision in *Castillo-Estevez* directly controls this case. Accordingly, we follow the district court in reviewing Marban's sentence under the 2008 edition of the Sentencing Guidelines.

II

We have held on several occasions that, under past editions of the Sentencing Guidelines, a Texas conviction for "delivery of a controlled substance" did not qualify as a drug trafficking offense.[10] Applying the categorical approach of *Taylor* and *Shepard*, we consider only the elements of the offense and those facts essential to the conviction.[11] Under Texas law, a defendant may be convicted of delivery of a controlled substance based on a mere "offer[] to sell."[12] Prior to November 2008, however, the Guidelines definition of a drug trafficking offense required that the defendant actually possess the drugs or cause them to

---

sentence), *United States v. Ortiz*, 621 F.3d 82, 87 (2d Cir. 2010) (adopting *Turner*), *United States v. Lewis*, 606 F.3d 193, 199 (4th Cir. 2010), *United States v. Wood*, 486 F.3d 781, 789–91 (3d Cir. 2007), *and United States v. Larrabee*, 436 F.3d 890, 894 (8th Cir. 2006).

[9] *Castillo-Estevez*, 597 F.3d at 240–41.

[10] *See United States v. Ibarra-Luna*, No. 09-40768, slip op. at 3–6 (5th Cir. Dec. 22, 2010); *United States v. Morales-Martinez*, 496 F.3d 356, 358 (5th Cir. 2007); *United States v. Gonzales*, 484 F.3d 712, 714–15 (5th Cir. 2007); *United States v. Garza-Lopez*, 410 F.3d 268, 273 (5th Cir. 2005).

[11] *See Shepard v. United States*, 544 U.S. 13, 16 (2005); *Taylor v. United States*, 495 U.S. 575, 602 (1990).

[12] TEX. HEALTH & SAFETY CODE §§ 481.002, 481.112(a).

No. 09-40207

be transferred, facts which are not necessarily proven when a defendant is convicted of an offer to sell.[13]

The Sentencing Guidelines were subsequently amended to add "offer[s] to sell" to the definition of a drug trafficking offense.[14]  Beginning with the 2008 edition of the Sentencing Guidelines,

> "[d]rug trafficking offense" means an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of, *or offer to sell* a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.[15]

Following this change, a Texas conviction for delivery of a controlled substance—whether by active transfer, by constructive transfer, or by offer to sell—necessarily qualifies as a drug trafficking offense under the Sentencing Guidelines.  Accordingly, the district court did not err by applying the felony drug trafficking enhancement to Marban's sentence.[16]

The judgment of the district court is AFFIRMED.

---

[13] U.S.S.G. § 2L1.2 cmt. n.1(b)(iv) (2007); *see Ibarra-Luna*, slip op. at 4; *Morales-Martinez*, 496 F.3d at 358.

[14] U.S.S.G. amend. 722 (App. C & Supp. 2010).

[15] *Id.* § 2L1.2 cmt. n.1(b)(iv) (2008) (emphasis added).

[16] This holding is foreshadowed by our opinion in *Ibarra-Luna*, slip op. at 4–5.