# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 8, 2011

No. 10-50655
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESUS HERRERA-ESCOBEDO, also known as Jesus Escobedo Herrera, also known as Gonzalo Ornelas Cardona,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:10-CR-214-1

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges

PER CURIAM:[*]

Jesus Herrera-Escobedo was convicted pursuant to a guilty plea of attempted illegal reentry after deportation and false claim of United States citizenship. The district court sentenced Herrera-Escobedo to 70 months imprisonment as to the first count and 36 months imprisonment as to the second count, to run concurrently, based on a Sentencing Guidelines range of 70 to 87 months imprisonment. In reaching that Sentencing Guidelines range, the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court applied a 16-level enhancement to the defendant's base offense level pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(I). Herrera-Escobedo now appeals from the sentence imposed by the district court. He raises two challenges to his sentence on appeal. We conclude that neither challenge has merit and affirm his sentence.

First, Herrera-Escobedo argues that the district court erred by enhancing his sentence pursuant to § 2L1.2(b)(1)(A)(i) based on a finding that he was previously deported following a drug trafficking offense for which the sentence imposed exceeded 13 months. He contends that there was insufficient evidence before the district court to establish that his prior Texas conviction for unlawful delivery of a controlled substance was a "drug trafficking offense" as that term is defined in Application Note 1.B to § 2L1.2. Specifically, Herrera-Escobedo argues that the Texas statute under which he was convicted, the former Texas Health & Safety Code § 481.123, "can penalize one for the simple possession" of a controlled substance – conduct that falls outside the Sentencing Guidelines' definition of a "drug trafficking offense." He maintains that because only the state court judgment, and not the charging document, was attached as an exhibit to the Pre-Sentence Report ("PSR"), the documentation that the district court relied on when it concluded that his prior conviction qualified as a drug trafficking offense was inadequate under *Shepard v. United States.*[1]

It is undisputed that Herrera-Escobedo did not raise this challenge to the sentencing enhancement in the district court. At the sentencing hearing, Herrera-Escobedo's counsel commented that this court "has had a problem with . . . the drug delivery statute under Texas state law for enhancement purposes." But counsel conceded that the indictment in the defendant's state case "clarifies the issue in a way where [this court] would be satisfied that the 16-level

---

[1] 544 U.S. 13 (2005).

enhancement applies." Counsel concluded: "the information is available to the Court that says, yeah, [the] 16-level enhancement is justified."

Where a defendant failed to raise an objection to a sentencing enhancement in the district court, we review the issue for plain error.[2] However, because Herrera-Escobedo's counsel assured the district court that the information available to the court demonstrated that the 16-level enhancement applied, it could be argued that Herrera-Escobedo did not merely forfeit his objection to the sentencing enhancement, triggering plain error review,[3] but rather invited the alleged error he now raises on appeal.[4] Absent manifest injustice, a defendant may not appeal errors that he "invited or induced."[5] We note, though, that the Government does not argue that Herrera-Escobedo is barred from challenging the 16-level enhancement under the invited error doctrine. "[O]ut of an abundance of caution, we will review for plain error."[6]

Even under plain error review, Herrera-Escobedo is not entitled to relief. To satisfy the plain error standard, "the [defendant] must show an error, that is clear or obvious, and that affected his substantial rights."[7] If those conditions are satisfied, we may exercise our discretion to correct the error only if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings."[8]

---

[2] *See United States v. Garza-Lopez*, 410 F.3d 268, 272 (5th Cir. 2005).

[3] *See United States v. Arviso-Mata*, 442 F.3d 382, 384 (5th Cir. 2006).

[4] *See United States v. Fernandez-Cusco*, 447 F.3d 382, 384 (5th Cir. 2006).

[5] *United States v. Green*, 272 F.3d 748, 754 (5th Cir. 2001).

[6] *Fernandez-Cusco*, 447 F.3d at 384.

[7] *United States v. Andino-Ortega*, 608 F.3d 305, 309 (5th Cir. 2010) (citing *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009); *United States v. Villegas*, 404 F.3d 355, 358 (5th Cir. 2005)).

[8] *Puckett,* 129 S. Ct. at 1429 (quotation marks omitted) (alteration in original).

To determine whether a prior conviction qualifies as a predicate offense under § 2L1.2, a district court must apply the categorical approach set forth in *Taylor v. United States*.[9]  Using this approach, "a district court looks to the elements of a prior offense, rather than to the facts underlying the conviction, when classifying a prior offense for sentence enhancement purposes."[10]  In a "narrow range of cases," a district court may look beyond the statutory elements of the offense in making this determination.[11]  This court has held that the determination of whether a "drug trafficking offense" was committed falls into that narrow range of cases.[12]  However, under *Shepard v. United States*, the additional information a district court may consider is limited to the "charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented."[13]

As an initial matter, we note that on May 5, 2011, the government filed an unopposed motion to supplement the record with the indictment from the Texas case at issue, which this court granted.  Accordingly, that document is now part of the record.  The indictment states that the defendant "did . . . intentionally and knowingly deliver, to wit, actually transfer a controlled substance listed in Penalty Group 1, to wit: HEROIN."  Herrera-Escobedo has made no attempt to argue that this description of his conduct is insufficient to establish that his prior conviction was for a drug trafficking offense.

---

[9] 495 U.S. 575, 602 (1990); *see Garza-Lopez*, 410 F.3d at 273.

[10] *Garza-Lopez*, 410 F.3d at 273.

[11] *Taylor*, 495 U.S. at 602.

[12] *See Garza-Lopez*, 410 F.3d at 272 (citing *United States v. Rodriguez-Duberney*, 326 F.3d 613 (5th Cir. 2003)).

[13] *Shepard*, 544 U.S. at 16.

Although Herrera-Escobedo emphasizes that only the state court judgment of conviction, and not the indictment, was attached as an exhibit to the PSR, a "state court judgment fall[s] within the scope of documents a court may consider under *Shepard*."[14]    Here, the state court judgment specifies that Herrera-Escobedo's conviction was for "UNLAWFUL DELIVERY PG 1-HEROIN."  As this court held in *United States v. Marban-Calderon*,[15] as of November 1, 2008, "a [prior] Texas conviction for delivery of a controlled substance—whether by active transfer, by constructive transfer, or by offer to sell—necessarily qualifies as a drug trafficking offense under the Sentencing Guidelines."[16]  Because both the charging document and the state court judgment that was attached as an exhibit to the PSR establish that Herrera-Escobedo's prior conviction was for a drug trafficking offense, the district court did not err in applying the 16-level enhancement under § 2L1.2(b)(1)(A)(i) of the Sentencing Guidelines.

Second, in light of *Apprendi v. New Jersey*,[17] Herrera-Escobedo challenges the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury.  That argument is foreclosed by this court's holding in *United States v. Pineda-Arrellano*.[18]

AFIRMED.

---

[14] *United States v. Garcia-Arellano*, 522 F.3d 477, 480 (5th Cir. 2008).

[15] 631 F.3d 210 (5th Cir. 2011).

[16] *Id.* at 213; *see* U.S.S.G. § 2L1.2 cmt. n.1(B)(iv).  Herrera-Escobedo entered his guilty plea on April 21, 2010, and the district court sentenced Herrera-Escobedo on June 30, 2010.

[17] 530 U.S. 466 (2000).

[18] 492 F.3d 624, 625 (5th Cir. 2007) (reaffirming that *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998) remains binding precedent and stating that the argument "that the felony and aggravated felony provisions of 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional in light of *Apprendi* . . . . no longer serves as a legitimate basis for appeal").