**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Manuel OLIVAS–GUEVARA,**
**Defendant–Appellant.**

**No. 11–50127**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Dec. 13, 2011.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, San Antonio, TX, for Plaintiff–Appellee.

R. 47.5.4.

488

Matthew Rex Dekoatz, Esq., Law Offices of Matthew R. Dekoatz, El Paso, TX, for Defendant–Appellant.

Before BARKSDALE, STEWART, and PRADO, Circuit Judges.

PER CURIAM: *

Manuel Olivas–Guevara appeals his 87–month sentence following his guilty-plea conviction for illegal reentry after removal, in violation of 8 U.S.C. § 1326. Olivas contends the district court erred by enhancing his base offense level 16 levels, claiming his Texas conviction for delivery of cocaine does not constitute a drug-trafficking offense under Sentencing Guideline § 2L1.2(b)(1)(A)(i).

As he concedes, because Olivas did not raise this issue in district court, review is only for plain error. *E.g., United States v. Henao–Melo*, 591 F.3d 798, 801 (5th Cir. 2009). Olivas has not shown error because his contention is foreclosed by *United States v. Marban–Calderon*, 631 F.3d 210, 212–13 (5th Cir.), *cert. denied*, —— U.S. ——, 132 S.Ct. 129, 181 L.Ed.2d 50 (2011) (holding Texas conviction for delivery of controlled substance, such as cocaine, qualifies as drug-trafficking offense under Guideline § 2L1.2(b)(1)(A)(i)).

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

