# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 7, 2012

No. 11-20089
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MAHER JAMEEL HADDAD, also known as Maher Haddad, also known as
Maher J. Haddad,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CR-121-1

Before DAVIS, DeMOSS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Having pleaded guilty, Maher Jameel Haddad appeals his conviction and sentence for illegal reentry following deportation.  He argues that his conviction and sentence under 8 U.S.C. § 1326(b)(2) must be vacated because he does not have a prior conviction that is an aggravated felony under the Immigration and Nationality Act, and he challenges a 12-level increase in his offense level, arguing that the Texas conviction used to enhance his sentence is not a "drug

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

trafficking offense" under U.S.S.G. § 2L1.2(b)(1)(B). He contends that he was wrongly assessed criminal history points for offenses committed more than ten years prior to the instant offense. Finally, he argues that the district court erred by citing conduct for which he was not prosecuted in support of its decision to deny a downward departure.

Because Haddad did not challenge his conviction and sentence under § 1326(b)(2) in the district court, his arguments are reviewed for plain error. *Puckett v. United States*, 556 U.S. 129, 133-34 (2009). To show plain error, he must show a forfeited error that is clear or obvious and that affects his substantial rights. *Id.* at 135. If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

No plain error occurred as § 1326(b)(1) and (2) are sentencing factors rather than elements of the offense of illegal reentry. *See Almendarez-Torres v. United States*, 523 U.S. 224, 235, 247 (1998). Haddad has waived any argument based on the contention that the conviction supporting his sentence under § 1326(b) predates the September 30, 1996, effective date of the Illegal Immigration Reform and Immigration Responsibility Act. *See United States v. Lindell*, 881 F.2d 1313, 1325 (5th Cir. 1989).

The district court did not err in imposing an enhanced sentence under § 2L1.2(b)(1)(B). Under the Sentencing Guidelines, Haddad's Texas conviction for delivery of a controlled substance is considered a "drug trafficking offense." *See United States v. Marban-Calderon*, 631 F.3d 210, 212-13 (5th Cir.), *cert. denied*, 132 S. Ct. 129 (2011). The sentencing court also did not err in assessing criminal history points for 1996 and 1998 misdemeanor convictions as it is undisputed that they occurred within ten years of Haddad's unauthorized return to this country. *See United States v. Santana-Castellano*, 74 F.3d 593, 598 (5th Cir. 1996); *see also United States v. Vargas-Garcia*, 434 F.3d 345, 349 (5th Cir. 2005). We lack jurisdiction to review the denial of a downward departure in this

case as Haddad has identified no record evidence "indicating that the district court held an erroneous belief that it lacked the authority to depart." *United States v. Hernandez*, 457 F.3d 416, 424 & n.5 (5th Cir. 2006).

AFFIRMED.