**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 9, 2013

Lyle W. Cayce
Clerk

No. 11-20592
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ELMER ALEXANDER FUENTES, also known as Elmer Alexander Fuentez,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CR-199-1

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Elmer Alexander Fuentes appeals the sentence imposed following his guilty plea conviction for being found unlawfully in the United States after deportation following a prior aggravated felony conviction in violation of 8 U.S.C. § 1326(a) and (b)(2). He contends that the district court plainly erred when it enhanced his sentence pursuant to U.S.S.G. § 2L1.2(b)(1)(B) based on a finding that his 1999 Texas conviction for delivery of less than one gram of cocaine was a felony drug trafficking offense for which the sentence imposed was 13 months

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

or less.  Specifically, he argues that the § 2L1.2(b)(1)(B) enhancement did not apply because the inclusion of offers to sell in § 2L1.2's definition of a "drug trafficking offense" does not support longer sentences when the prior conviction does not meet the statutory definition of a "drug trafficking crime" for purposes of 8 U.S.C. § 1101(a)(43)(B).  Fuentes's argument is foreclosed by *United States v. Marban-Calderon*, 631 F.3d 210, 212-13 (5th Cir.), *cert. denied*, 132 S. Ct. 129 (2011).

Fuentes also contends that the district court plainly erred when it determined that his 1999 Texas conviction for delivery of less than one gram of cocaine qualified as an aggravated felony for purposes of § 1326(b)(2).  Because he did not object to the district court's application of § 1326(b)(2), we review for plain error.  *See United States v. Mondragon-Santiago*, 564 F.3d 357, 368 (5th Cir. 2009).

As Fuentes contends, his 1999 Texas conviction for delivery of less than one gram of cocaine was not an aggravated felony for purposes of § 1326(b)(2), and the district court committed error that was clear or obvious when it determined that he was subject to a 20-year statutory maximum term of imprisonment based on that conviction.  *See United States v. Ibarra-Luna*, 628 F.3d 712, 715-16 (5th Cir. 2010).  However, Fuentes has failed to demonstrate that the error affected his substantial rights.  His 46-month sentence fell within the properly calculated guidelines range.  *See Marban-Calderon*, 631 F.3d at 212-13.  The sentence was also below the applicable 10-year statutory maximum term of imprisonment.  *See* § 1326(b)(1); TEX. HEALTH & SAFETY CODE ANN. § 481.112(b); TEX. PENAL CODE ANN. § 12.35(a); *United States v. Villegas-Hernandez*, 468 F.3d 874, 884 (5th Cir. 2006) (defining a felony as an offense punishable by more than one year in prison).  The record does not indicate that the sentence was influenced by the district court's incorrect understanding of the statutory maximum sentence or that district court would have been inclined to depart from the 46 to 57-month guidelines range had it

known that Fuentes was subject to a 10-year statutory maximum sentence instead of a 20-year statutory maximum sentence. *See Mondragon-Santiago*, 564 F.3d at 369. Therefore, there is no plain error that requires us to vacate Fuentes's sentence. *See id.* Consistent with our prior holding in *Mondragon-Santiago*, however, Fuentes is entitled to a reformation of the district court's judgment to reflect the correct offense of conviction and statutory subsection. *See id.* We therefore AFFIRM the district court's judgment, but REFORM it to reflect that Fuentes was convicted of illegal reentry after deportation and sentenced under 8 U.S.C. § 1326(b)(1).