**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 12, 2013

No. 11-51278

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff – Appellee

v.

JESUS MARIA MUNOZ-GARCIA,

Defendant – Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:11-CR-139-1

Before JOLLY, GARZA, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jesus Maria Munoz-Garcia pled guilty to Count One of the indictment charging him with a violation of 8 U.S.C. §§ 1326(a) and (b)(2) after he was found in the United States without authorization and previously had been deported. Relying on the 2011 Sentencing Guidelines, the district court added a 16-level enhancement to Munoz-Garcia's advisory guidelines range based on his prior Texas convictions for sexual assault, and sentenced him to 46 months in prison. Citing the Ex Post Facto Clause, Munoz-Garcia argues that the district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## No. 11-51278

erred in using the 2011 guidelines because his Texas convictions were not crimes of violence under the 2005 guidelines, which were in effect when he first reentered the United States without authorization. He further contends that his Texas convictions were more than fifteen-years old at the time of his 2011 arrest and thus outside the applicable time frame provided by U.S.S.G. § 4A1.2(e)(1). Finding no grounds to vacate or modify his sentence, we AFFIRM.

I.

Munoz-Garcia was granted permanent resident status in January 1980 and was a lawful resident in the United States until his Texas criminal convictions in 1991. In May 1989, he was arrested in Tarrant County, Texas and charged with two counts of second degree felony sexual assault.[1] He was convicted on both counts in January 1991 and sentenced to concurrent five-year terms of imprisonment. Despite being released from prison on May 15, 1995, he was not deported until on or about February 18, 2005.

Although he had been deported, Munoz-Garcia was found to be in the United States without authorization in April 2011, when he was arrested on public intoxication charges. Following his arrest, he admitted to Immigration and Customs Enforcement that he originally had returned in March 2005, but had escaped detection until his 2011 arrest. Munoz-Garcia pled guilty to violating section 1326 and was sentenced to 46 months of imprisonment in December 2011.

The Presentence Investigation Report ("PSR") assessed Munoz-Garcia four criminal history points and recommended a 16-level sentencing enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) due to his 1991 sexual assault convictions.

---

[1] The PSR does not identify the Texas statute Munoz-Garcia was convicted of violating, but identification of the statute is not necessary to resolve this case. Munoz-Garcia argues only that his prior convictions should not be considered due to their age, and that they were not crimes of violence under our prior precedent interpreting section 2L1.2(b)(1)(A)(ii) before the 2008 Sentencing Guidelines Amendments.

No. 11-51278

Munoz-Garcia properly objected that the 1991 convictions were outside the applicable time period established by section 4A1.2(e)(1), and that their use to enhance his sentence would violate the Ex Post Facto Clause. The district court overruled the *ex post facto* objection, finding that use of the 2011 guidelines was proper, because illegal reentry is a continuing offense and the amendment at issue was a clarifying amendment rather than a substantive change. The court also overruled his section 4A1.2(e)(1) objection, finding that the relevant fifteen-year period was the span between the imposition of the sentence for the 1991 convictions and Munoz-Garcia's unauthorized return to the United States in March 2005. Munoz-Garcia timely appealed.

## II.

Claims of procedural error in the district court's application of the Sentencing Guidelines are reviewed *de novo*. *United States v. Bonilla*, 524 F.3d 647, 651 (5th Cir. 2008). Whether a particular prior conviction may be used to adjust an offense level also is subject to *de novo* review. *United States v. Osborne*, 68 F.3d 94, 100 (5th Cir. 1995).

## III.

We first address Munoz-Garcia's argument that he should not have been assessed criminal history points or a 16-level enhancement because his 1991 sexual assault convictions occurred more than fifteen years prior to his commission of the instant offense. Section 4A1.2 of the Sentencing Guidelines establishes the general procedure for computing criminal history. Section 4A1.2(e)(1) provides the applicable time period and states:

> Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted. Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period.

3

No. 11-51278

Thus, under section 4A1.2(e)(1), Munoz-Garcia's Texas convictions were properly counted if his section 1326 offense commenced within fifteen years of his release from incarceration on May 15, 1995. *See* U.S.S.G. § 4A1.2(k)(2) (2011); *see also United States v. Arnold*, 213 F.3d 894, 896 (5th Cir. 2000).

Although Munoz-Garcia argues that he did not commit a section 1326 offense until he was arrested on April 8, 2011, we previously have held that section 1326 is a continuing offense, which begins when the deported alien illegally reenters the United States. *See United States v. Santana-Castellano*, 74 F.3d 593, 597 (5th Cir. 1996). Here, Munoz-Garcia reentered the United States without authorization in March 2005, less than fifteen years after he was released from incarceration. His March 2005 illegal reentry violated section 1326, and it is irrelevant under section 4A1.2(e)(1) that his violation continued until he was found in the country without authorization at the time of his April 2011 arrest. *See Santana-Castellano*, 74 F.3d at 597. The district court did not err in calculating Munoz-Garcia's criminal history points or in assessing a 16-level sentencing enhancement based on section 4A1.2(e)(1).[2]

IV.

We next address whether the district court's use of the 2011 guidelines, as opposed to the 2005 guidelines, violated the Ex Post Facto Clause. Munoz-Garcia relies on our pre-2008 caselaw, which held that convictions under the Texas sexual assault statute were not necessarily "forcible sex offenses" under section 2L1.2(b)(1)(A)(ii). *See United States v. Luciano-Rodriguez*, 442 F.3d 320, 322 (5th Cir. 2006). The 2008 amendments made this line of cases "inapplicable

---

[2] In his brief, Munoz-Garcia suggests that the March 2005 date of his illegal reentry was merely an allegation and not a fact because it does not appear in the factual basis for the guilty plea. During sentencing, however, there was an extended discussion over the March 2005 reentry and the exact statements made by Munoz-Garcia to immigration officials. It is clear that the district court found that Munoz-Garcia illegally reentered in March 2005, and such a finding is not clearly erroneous.

to sentences calculated under the revised version of [section 2L1.2(b)(1)(A)(ii)]."
*United States v. Rodriguez-Juarez*, 631 F.3d 192, 194 (5th Cir. 2011). Munoz-Garcia thus contends that the use of the 2011 guidelines as opposed to the 2005 guidelines was an *ex post facto* violation because the 2005 guidelines would not have imposed the 16-level enhancement.

In most cases, we apply the Sentencing Guidelines in effect at the time of the conviction. U.S.S.G. §§ 1B1.11(a), (b)(1); *see also United States v. Armstead*, 114 F.3d 504, 507 (5th Cir. 1997). But, if the current version would result in an *ex post facto* violation, we instead use the guidelines in effect on the date the offense was committed. § 1B1.11(b)(1); *see also Armstead*, 114 F.3d at 507.[3] The Ex Post Facto Clause forbids Congress from enacting a law that "imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed." *Weaver v. Graham*, 450 U.S. 24, 28 (1981) (quoting *Cummings v. Missouri*, 71 U.S. (4 Wall.) 277, 325-26 (1867)) (internal quotation marks omitted). Two elements are required "for a criminal or penal law to be *ex post facto*: it must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it." *Id.* at 29; *see also United States v. Caulfield*, 634 F.3d 281, 283 (5th Cir. 2011).

A change in how prior convictions are used to establish an offense level does not constitute an *ex post facto* violation. *Perkins v. Cabana*, 794 F.2d 168, 169 (5th Cir. 1986) ("No person is exposed to the increased penalty unless he commits a felony after the enactment."). Munoz-Garcia's section 1326 conviction

---

[3] We have also held that, "Amendments to the guidelines and their commentary intended only to *clarify*, rather than effect substantive changes, may be considered even if not effective at the time of the commission of the offense or at the time of sentencing." *United States v. Solis*, 675 F.3d 795, 797 (5th Cir. 2012). The commentary accompanying the relevant Amendment states, "First, the amendment clarifies the scope of the term 'forcible sex offenses' as that term is used in the definition of 'crime of violence' in §2L1.2." U.S.S.G. app. c., vol. 3, amend. 722, at 302.

thus is the relevant conviction for *ex post facto* analysis, not his Texas sexual assault convictions. *See Gryger v. Burke*, 334 U.S. 728, 732 (1948); *see also Perkins*, 794 F.2d at 169. As we noted previously, section 1326 is a continuing offense, which is committed at three discrete points in time: (1) "when one illegally enters the United States;" (2) "attempts to illegally enter the United States;" or (3) "when a deported alien is found at any time in the United States." *United States v. Gonzales*, 988 F.2d 16, 18 (5th Cir. 1993). The calculation of Munoz-Garcia's offense level using the 2011 guidelines was proper if his section 1326 conviction "occurred after the enactment" of the 2008 amendments. *United States v. Saenz-Forero*, 27 F.3d 1016, 1020 (5th Cir. 1994). Here, Munoz-Garcia pled guilty to being found in the United States without authorization on April 8, 2011 in violation of section 1326. His offense clearly took place after the 2008 amendments were enacted, and we find that no *ex post facto* violation occurred.

We note, however, the effect that section 1326's status as a continuing offense has on this case. Munoz-Garcia initially violated section 1326 by illegally reentering the United States in March 2005. In most cases, this would be the obvious date for determining when his offense was committed for *ex post facto* analysis. *See Saenz-Forero*, 27 F.3d at 1020. Munoz-Garcia, however, escaped detection at the time of his unauthorized reentry. Under section 1326, his offense continued until he was found in the United States without authorization on April 8, 2011, when he was arrested for public intoxication. *See Santana-Castellano*, 74 F.3d at 598. The district court properly used the 2011 guidelines, which were the guidelines in effect at the time of Munoz-Garcia's conviction.[4]

---

[4] In recent decisions, we addressed arguments similar to that made by Munoz-Garcia, albeit under plain error review. *See United States v. Marban-Calderon*, 631 F.3d 210, 211-12 (5th Cir. 2011); *United States v. Castillo-Estevez*, 597 F.3d 238, 241 (5th Cir. 2010). Both cases declined to resolve "whether *ex post facto* claims arising from the application of evolving sentencing guidelines are viable after *Booker*." *Castillo-Estevez*, 597 F.3d at 241; *see also Marban-Calderon*, 631 F.3d at 211-12. We need not resolve the issue here because the continuing nature of the section 1326 offense supports the sentence imposed in this case.

No. 11-51278

V.

It would be an untenable result to allow Munoz-Garcia to disclaim his initial illegal reentry date of March 2005 in order to render his prior sexual assault convictions untimely under section 4A1.2(e)(1); doing so would allow him to reap the reward of remaining undetected until the applicable time period expired. Furthermore, Munoz-Garcia continued to violate section 1326 until he was found illegally in the United States in April 2011. Using the 2011 guidelines thus did not constitute an *ex post facto* violation. The sentence imposed by the district court therefore is

AFFIRMED.