**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4175**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

ADILSER PINZON-HERNANDEZ, a/k/a Adilser Pinzon, a/k/a
Adilsey Pinzon, a/k/a Gildardo Gonzalez,

              Defendant - Appellant.

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte. Robert J. Conrad,
Jr., Chief District Judge. (3:12-cr-00136-RJC-1)

Submitted: January 29, 2014      Decided: February 12, 2014

Before DAVIS, KEENAN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Henderson Hill, Executive Director, Joshua B. Carpenter, FEDERAL
DEFENDERS OF WESTERN NORTH CAROLINA, INC., Asheville, North
Carolina, for Appellant. Anne M. Tompkins, United States
Attorney, William M. Miller, Assistant United States Attorney,
Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIUM:

Adilser Pinzon-Hernandez pled guilty, without the benefit of a written plea agreement, to illegally reentering the United States after having been previously deported subsequent to an aggravated felony conviction, in violation of 8 U.S.C. § 1326(a), (b)(2) (2012). The court sentenced Pinzon-Hernandez to one year and one day of imprisonment. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court plainly erred by applying the eight-level enhancement for a felony drug trafficking offense to Pinzon-Hernandez' sentence. Pinzon-Hernandez was advised of his right to file a pro se supplemental brief, but he did not do so. We affirm.

We review Pinzon-Hernandez' sentence for reasonableness "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). A sentence is procedurally reasonable if, among other factors, the court properly calculates the defendant's advisory Guidelines range. See id. at 49-51 (listing factors). We conclude that the district court properly calculated Pinzon-Hernandez' advisory Guidelines range, as Pinzon-Hernandez' Texas conviction for delivery of cocaine is included in the definition of a felony drug trafficking offense under the Guidelines. U.S.

2

Sentencing Guidelines Manual § 2L1.2 cmt. n.1(B)(iv) (2011); see United States v. Marban-Calderon, 631 F.3d 210, 212-13 (5th Cir. 2011) (holding that Texas conviction for delivering controlled substance categorically qualifies as felony drug trafficking offense).

In accordance with Anders, we have reviewed the remainder of the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Pinzon-Hernandez, in writing, of the right to petition the Supreme Court of the United States for further review. If Pinzon-Hernandez requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Pinzon-Hernandez.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED