# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
February 12, 2014

Lyle W. Cayce
Clerk

No. 13-10454
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

OMAR CORREA-HUERTA,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CR-229-1

Before BARKSDALE, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Omar Correa-Huerta challenges the 71-month sentence imposed following his guilty-plea conviction for illegal reentry (2008) following deportation (2007). Correa contends his sentence is substantively unreasonable because it is the product of provisions in the advisory Sentencing Guidelines that lead to unwarranted sentencing outcomes.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-10454

Specifically, he disagrees with the application of certain Guidelines provisions, which increase defendant's criminal-history category for prior sentences imposed within ten years of the commencement of defendant's instant offense.  *See* U.S.S.G. §§ 4A1.1, cmt. 2 (Criminal History Category), 4A1.2(e)(2) (Definitions and Instructions for Computing Criminal History).  Correa maintains his six-month sentence from 23 February 1998, for a controlled-substance offense, would not have resulted in the imposition of criminal-history points had the ten-year period been measured from the date of sentencing on the instant offense (April 2013) rather than from the date of his illegal reentry (2008).  According to Correa, it is irrational to subject illegal-reentry defendants who live in the United States without incident—as he claims he did from 2008 to 2012—to a longer look-back period than those who engage immediately in criminal activity upon their return to the United States.

Although post-*Booker*, the Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guideline-sentencing range for use in deciding on the sentence to impose.  *Gall v. United States*, 552 U.S. 38, 48–51 (2007).  In that respect, for issues preserved in the district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error.  *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).  Correa does not claim procedural error; he maintains only that his sentence is substantively unreasonable.

He did not, however, *object* to his sentence in district court; rather, he requested a lesser sentence than ultimately imposed.  As he concedes, under this court's precedent, his failure to object results in only plain-error review.  *See United States v. Peltier*, 505 F.3d 389, 391–92 (5th Cir. 2007).  Correa notes,

however, the circuits are divided on whether defendant must object specifically to his sentence to preserve error, and he wishes to preserve the issue for possible further review.

Under the plain-error standard, Correa must show a clear or obvious forfeited error that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  Even if he shows such reversible plain error, we have the discretion to correct the error, but should do so only if it seriously affects the fairness, integrity, or public reputation of the proceedings. *See id.*  Correa's challenge to his sentence based on the calculation of his criminal history category fails.

"Where a deported alien enters the United States and remains here with the knowledge that his entry is illegal, his remaining here until he is 'found' is a continuing offense". *United States v. Santana-Castellano*, 74 F.3d 593, 598 (5th Cir. 1996) (citation omitted).  In a recent unpublished opinion, a panel of this court upheld a sentence for illegal reentry under similar facts. *United States v. Munoz-Garcia*, 533 F. App'x 364, 366 (5th Cir. 2013) (citing *Santana-Castellano* in upholding sentence under *de novo* review where appellant contended date of arrest, rather than reentry six years earlier, made application of enhancement improper).  Although *Munoz-Garcia* is not precedential, we find its reasoning persuasive and directly on point.

"A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable." *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008) (citations omitted).  Correa can rebut the presumption of reasonableness by "showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors". *United States v. Cooks*, 589

F.3d 173, 186 (5th Cir. 2009) (citation omitted).  His disagreement with the assignment of criminal-history points for prior convictions is insufficient to demonstrate that the within-Guidelines sentence was substantively unreasonable; restated, the district court did not plainly err in imposing it. *See, e.g.*, *United States v. Gomez-Herrera*, 523 F.3d 554, 565–66 (5th Cir. 2008); *United States v. Rodriguez*, 523 F.3d 519, 526 (5th Cir. 2008).

AFFIRMED.