# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 13-40943
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**

August 13, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

VALENTIN CORTES-TOLENTINO, also known as Valentino Cortez Tolentino, also known as Valentin Cortez Tolentino,

Defendant-Appellant

————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:13-CR-353-1

————

Before STEWART, Chief Judge, and JOLLY and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Valentin Cortes-Tolentino appeals the sentence imposed following his guilty plea conviction for being found unlawfully in the United States after deportation in violation of 8 U.S.C. § 1326. He contends that the district court plainly erred when it enhanced his sentence based on a finding that his 2005

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Virginia conviction for possession with intent to distribute cocaine was a felony drug trafficking offense for purposes of U.S.S.G. § 2L1.2(b)(1)(A)(i). Relying on the Supreme Court's decision in *Moncrieffe v. Holder*, 133 S. Ct. 1678 (2013), as well as this court's decision in *United States v. Garza–Lopez*, 410 F.3d 268 (5th Cir. 2005), Cortes-Tolentino argues that the Virginia statute under which he was convicted, VA. CODE ANN. § 18.2-248, is broader than the drug trafficking offense definition set forth in the commentary to § 2L1.2 because under Virginia law, "distribution" of a controlled substance includes giving it away for no consideration. Because the state court documents did not narrow his conviction to a qualifying drug trafficking offense, he argues that the district court's application of the § 2L1.2(b)(1)(A)(i) enhancement was a clear and obvious error.

As Cortes-Tolentino concedes, this court's review is for plain error because he did not object to the § 2L1.2(b)(1)(A)(i) enhancement in the district court. *See United States v. Henao-Melo*, 591 F.3d 798, 801 (5th Cir. 2009). To show plain error, Cortes-Tolentino must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

Cortes-Tolentino acknowledges that in *United States v. Rodriguez*, 523 F.3d 519, 523-24 (5th Cir. 2008), this court held that distribution of cocaine under § 18.2-248 is a drug trafficking offense under the Sentencing Guidelines. However, he contends that *Rodriguez* does not foreclose the issue he raises on appeal because this court did not address in *Rodriguez* the argument that "distribution" under the Virginia statute can encompass giving away a

controlled substance and that giving away a controlled substance falls outside of the definition of a drug trafficking offense under the Guidelines.

After this court's decision in *Garza–Lopez*, the United States Sentencing Commission amended § 2L1.2's definition of a drug trafficking offense to include offers to sell a controlled substance. *See* § 2L1.2, comment. (n.1(B)(iv)); *United States v. Marban–Calderon*, 631 F.3d 210, 211-12 (5th Cir. 2011). This court has not conclusively answered the question whether a conviction for giving away or offering to give away a controlled substance constitutes a drug trafficking offense under the post-2008 version of § 2L1.2. Further, the Supreme Court's decision in *Moncrieffe* addressed whether an alien's Georgia conviction for possession with intent to distribute 1.3 grams of marijuana qualified as an aggravated felony for purposes of 8 U.S.C. § 1101(a)(43)(B), *Moncrieffe*, 133 S. Ct. at 1683-84, and this court has yet to address *Moncrieffe*'s effect, if any, on whether a conviction for sharing a small amount of a controlled substance for no remuneration qualifies as a drug trafficking offense under § 2L1.2(b)(1)(A)(i). Because the issue is subject to reasonable debate and the error is not readily apparent, the district court's application of the § 2L1.2(b)(1)(A)(i) enhancement, if erroneous, did not rise to the level of a clear or obvious error. *See United States v. Ellis*, 564 F.3d 370, 377-78 (5th Cir. 2009). Accordingly, Cortes-Tolentino cannot show plain error, and the district court's judgment is AFFIRMED.