# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40002
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 16, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

OSCAR JAVIER CRUZ-CASTRO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:13-CR-773-1

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Oscar Javier Cruz-Castro appeals the sentence of 40 months of imprisonment imposed following his guilty-plea conviction for being an alien found unlawfully present in the United States after deportation. *See* 8 U.S.C. § 1326. He challenges the district court's 16-level enhancement to his offense level under U.S.S.G. § 2L1.2(b)(1)(A)(i) for his prior Virginia conviction for possession with intent to distribute a controlled substance. *See* VA. CODE ANN.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40002

§ 18.2-248.  Specifically, he argues that an offense under the Virginia law does not constitute a § 2L1.2(b)(1)(A)(i) drug trafficking offense because it includes possession with intent to distribute only a small amount of narcotics or doing so for no renumeration.  Moreover, Cruz-Castro contends that the documents relating to his conviction do not clarify the specific offense of his conviction.

As Cruz-Castro concedes, our review is for plain error because he did not object in the district court.  To show plain error, Cruz-Castro must show a forfeited error that is clear or obvious and that affects his substantial rights.  *See United States v. Ellis*, 564 F.3d 370, 377 (5th Cir. 2009).  If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *See id.*

We previously considered this issue in *United States v. Cortes-Tolentino*, No. 13-40943, 2014 WL 3930463, at *1 (5th Cir. Aug. 13, 2014), which, as an unpublished decision, is not binding precedent but is instructive.  *See Ballard v. Burton*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006).  In that case, we noted that this court has not conclusively determined whether a prior conviction for giving away a controlled substance would qualify as a drug trafficking offense under § 2L1.2.  *Cortes-Tolentino*, 2014 WL 3930463 at *1.  Because we have not made such a determination, any error in the district court in applying the enhancement would be neither clear nor obvious.  *See United States v. Ellis*, 564 F.3d 370, 377-78 (5th Cir. 2009).  Accordingly, Cruz-Castro cannot show plain error, and the district court's judgment is AFFIRMED.