# United States Court of Appeals
# for the Fifth Circuit

————————

No. 25-50726
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
June 10, 2026

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Mario Mata,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:25-CR-51-1

_____

Before Richman, Southwick, and Willett, *Circuit Judges.*

Per Curiam:[*]

Mario Mata appeals his 144-month sentence for being a felon in possession of a firearm. The district court applied a four-level enhancement under then-U.S.S.G. § 2K2.1(b)(6)(B) (2024)—now known as § 2K2.1(b)(7)(B)—which applies when "the defendant . . . used or possessed any firearm or ammunition in connection with another felony

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

offense." When the predicate felony is drug trafficking, "the firearm enhancement automatically applies if 'a firearm is found in close proximity to drugs, drug manufacturing materials, or drug paraphernalia.'" *United States v. Bass*, 996 F.3d 729, 742 (5th Cir. 2021) (quoting *United States v. Jeffries*, 587 F.3d 690, 692 (5th Cir. 2009)); *see* U.S.S.G. § 2K2.1 cmt. n. 14(B)(ii) (2024). Mata concedes the firearm was found in close proximity to more than four grams of methamphetamine. His argument is that the district court misclassified the predicate felony--drug trafficking, the court found, rather than simple possession. We disagree and AFFIRM.

"The district court's determination of the relationship between the firearm and another offense is a factual finding" that we review for clear error. *United States v. Coleman*, 609 F.3d 699, 708 (5th Cir. 2010); *see United States v. McCree*, 160 F.4th 641, 646 (5th Cir. 2025). "A factual finding is not clearly erroneous if it is plausible, considering the record as a whole." *United States v. Ruiz*, 621 F.3d 390, 396 (5th Cir. 2010) (per curiam).

Three considerations support the district court's finding.

First, Mata was charged in state court with manufacture or delivery of a controlled substance. Under our precedent, that "state drug-trafficking charge alone is enough to support the firearm enhancement." *Bass*, 996 F.3d at 742.

Second, Mata admitted that he had been selling methamphetamine for money since his release from prison—one month before his arrest—and that he carried the firearm to protect himself in the course of those sales.

Third, shortly before his arrest, Mata arranged to meet an undercover detective to smoke methamphetamine. Mata contends he intended to give

the drug away rather than sell it.[1] But given his admitted course of dealing, the district court could reasonably infer that the meeting was another sale. That inference was not clearly erroneous.

The district court's finding that Mata possessed a firearm in connection with another felony offense was not clearly erroneous. Accordingly, Mata's sentence is AFFIRMED.

---

[1] *See United States v. Cortes-Tolentino*, 577 F. App'x 388, 389 (5th Cir. 2014) (per curiam) ("This court has not conclusively answered the question whether a conviction for giving away or offering to give away a controlled substance constitutes a drug trafficking offense . . . .").