**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jevon Lee MILES, Defendant–Appellant.**

**No. 07–10127.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 15, 2008.

Filed Jan. 24, 2008.

---

Christina Brown, Esq., USLV—Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Rene L. Valladares, Esq., FPDNV—Federal Public Defender's Office, Las Vegas, NV, for Defendant–Appellant.

Before: WALLACE and SCHROEDER, Circuit Judges, and BENITEZ *, District Judge.

## MEMORANDUM **

Miles appeals from his sentence of eighty-seven months imprisonment and three years supervised release. He challenges the district court's determination that his two previous felony convictions under Ohio Revised Code § 2925.03 qualified as controlled substance offenses under section 4B1.2(b) of the United States Sentencing Guidelines (Guidelines). We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and we affirm.

---

* The Honorable Roger T. Benitez, United States District Judge for the Southern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

■ The district court properly considered Miles's plea transcripts to determine which section of the Ohio Revised Code § 2925.03 formed the basis for his convictions. *See Taylor v. United States,* 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). The district court then correctly held that his convictions under section (A)(2) of the statute qualified categorically as controlled substance offenses under the Guidelines.

The "reasonable cause to believe" language from the Ohio statute only relates to the defendant's knowledge of a third-party's intent to sell (not the case here), and does not impermissibly lower the standard of intent necessary for conviction to ship, transport, deliver, etc. Similarly, the fact that the statute criminalizes mere "transport" and "preparation" does not cause the statute to fall outside the Guidelines definition. A defendant could only be convicted for these actions if he also knew or had reason to know that the controlled substances were intended for sale, which distinguishes this case from *United States v. Rivera–Sanchez,* 247 F.3d 905 (9th Cir. 2001) (en banc).

**AFFIRMED.**