IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 13, 2008

Charles R. Fulbruge III
Clerk

No. 07-41007

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

JUAN CARLOS FUENTES-OYERVIDES

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before HIGGINBOTHAM, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:

Juan Carlos Fuentes-Oyervides pled guilty to an attempt to enter the United States illegally. He was sentenced to 37 months in prison and three years of supervised release. Fuentes-Oyervides appeals his sentence, arguing that it was improperly enhanced. We affirm.

This conviction was under 8 U.S.C. § 1326. Under the Sentencing Guidelines, the offense level for unlawfully entering the United States is increased by twelve levels if the defendant was previously deported after being convicted of a felony drug trafficking offense that resulted in a sentence of thirteen months or less in prison. U.S.S.G. § 2L1.2(b)(1)(B). The same Guideline defines "drug trafficking offense" as "an offense under federal, state, or local law

that prohibits the manufacture, import, export, distribution, or dispensing of, or offer to sell a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 2L1.2, cmt. n.1(B)(iv).

The presentence report calculated a twelve-level increase for Fuentes-Oyervides based upon his 2005 guilty plea to an Ohio drug trafficking offense. The Ohio statute provides that no person shall knowingly "[p]repare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance, when the offender knows or has reasonable cause to believe that the controlled substance is intended for sale or resale by the offender or another person." Ohio Rev. Code Ann. § 2925.03(A)(2). The district court rejected Fuentes-Oyervides's objections to the PSR calculation.

On appeal, Fuentes-Oyervides renews the argument he made below that the twelve-level increase was improper on the basis that the state statute criminalizes behavior that does not fall within the Guidelines' definition of a "drug trafficking offense." Specifically, he argues that at least some of the actions prohibited by the state statute fall outside of the Guidelines definition of "drug trafficking offense." Compare Ohio Rev. Code Ann. § 2925.03(A)(2) (including preparing drugs for shipment and transporting drugs) with U.S.S.G. § 2L1.2(b)(1)(B) (prohibiting "manufacture," "import," "export," "distribution," "dispensing of" or "offering to sell"). Fuentes-Oyervides further contends that a state conviction would not meet the alternative possession-with-intent clause of the Guideline because the state statute lacks a sufficient mens rea requirement. Specifically, the state statute only requires 1) knowledge or negligence, 2) as to another's intent. In contrast, the Guideline requires that the offender actually intend to manufacture or distribute. Compare Ohio Rev. Code Ann. § 2925.03(A)(2) ("when the offender knows or has reasonable cause to believe that the controlled substance is intended for sale or resale by the offender or

2

another person") with U.S.S.G. § 2L1.2(b)(1)(B) (prohibiting "possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense").

We review de novo a determination that a prior state conviction constitutes a drug trafficking offense. United States v. Gutierrez-Ramirez, 405 F.3d 352, 355-56 (5th Cir. 2005). When we analyze whether a "drug trafficking offense" was committed, we may look beyond the elements of the offense and may consider the statutory definition of the predicate offense, the charging papers, and any jury instructions. See United States v. Garza-Lopez, 410 F.3d 268, 273 (5th Cir. 2005).

Other Circuits have considered the nearly identical question whether a conviction under this Ohio statute qualifies for a "controlled substance offense" adjustment under the Guidelines.[1] Our sister Circuits have uniformly concluded that the state conviction qualifies. See United States v. Miles, 266 F. App'x 534 (9th Cir. 2008) (unpublished); United States v. Karam, 496 F.3d 1157 (10th Cir. 2007); United States v. Wright, 43 F. App'x 848 (6th Cir. 2002) (unpublished) (cited approvingly by United States v. Montanez, 442 F.3d 485, 490 (6th Cir. 2006), the latter case involving a different subsection of the Ohio statute).

In one of these precedents from another Circuit, the defendant argued that some of the actions criminalized by the Ohio statute – such as preparing drugs for shipment, and shipping and transporting drugs – involve mere possession; consequently, the statute could be violated simply by possession of a controlled substance with reasonable cause to believe the drugs are intended for sale.

___

[1] This Circuit has noted that the definitions of a "drug trafficking offense" under U.S.S.G. § 2L1.2(b)(1)(B) and a "controlled substance offense" under U.S.S.G. § 4B1.2(b) are "almost identical." United States v. Ford, 509 F.3d 714, 717 n.2 (5th Cir. 2007). Compare U.S.S.G. § 2L1.2, cmt. n.1(B)(iv) with U.S.S.G. § 4B1.2(b). Accordingly, we have relied on cases interpreting a drug trafficking offense to determine whether a conviction was a controlled substance offense, and vice versa. See United States v. Price, 516 F.3d 285, 287-289 (5th Cir. 2008); Ford, 509 F.3d at 717.

Karam, 496 F.3d at 1167. Like Fuentes-Oyervides does here, Karam argued that a "reasonable cause to believe" mens rea standard was insufficient to satisfy the definition of a controlled substance offenses, which requires possession with intent to distribute. Id. Yet the Karam court rejected the contention that it had to evaluate the question under the possession-with-intent prong of the Guideline. Instead, it concluded that each of the acts prohibited by the Ohio statute "involves the actual distribution of a controlled substance rather than mere possession," making all violations of the Ohio statute qualify under the first part of the Guideline as "distribution" of a controlled substance. Id. The court explained that because a violation of the Ohio statute requires that an offender at a minimum have reason to believe the drugs are intended for sale by someone, possession would never be sufficient for conviction:

> If an individual has knowledge or reasonable cause to believe drugs are intended for sale by another, the preparation for shipment, shipment, or transport of those drugs cannot simply involve the possessory act of one person moving his own drugs, as Karam asserts. Rather, each of these acts is an integral part of the distribution process and is therefore an act of distribution in and of itself. Simply because the Ohio statute prohibits each of the various phases of the distribution process does not make any one of these intervening acts any less an act of distribution than the final step in the process.

Id. at 1168.

Fuentes-Oyervides cites two of this Circuit's precedents as alleged support for the proposition that transportation and other activities in a state statute cannot be classified as drug trafficking offenses because transportation is not a drug trafficking offense. One of the cited precedents concerned whether a defendant's California state conviction qualified as a drug trafficking offense under the Guidelines. Garza-Lopez, 410 F.3d 268. We found that the conviction did not so qualify because the statute criminalized, among other things, the transportation of a controlled substance for personal use. Id. at 274-75. In

contrast, the Ohio statute here does not criminalize mere personal use possession; it requires a level of understanding that the drugs are for sale or resale.

In the other precedent on which Fuentes-Oyervides relies, the state statute punished mere possession or transportation without intent to distribute. United States v. Lopez-Salas, 513 F.3d 174 (5th Cir. 2008). We concluded that a state's presumption of intent to distribute – based upon the statute's requirement that a large amount of drugs be transported – was not sufficient evidence of criminal intent to distribute for purposes of the Guidelines' "drug trafficking offense" adjustment. Id. at 180. The state statute at issue here explicitly includes a mens rea requirement concerning distribution.

Accordingly, we agree with the Tenth Circuit's understanding that an individual who prepares for shipment, ships, transports, delivers, prepares for distribution, or distributes a controlled substance while he knows or should know that the substance is intended for sale, commits an act of distribution under the Guidelines. The district court did not err by incorporating a twelve-level "drug trafficking offense" enhancement to Fuentes-Oyervides's sentence.

AFFIRMED.