[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-13569
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 9, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:10-cr-20215-DLG-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONNA WALKER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 9, 2011)

Before BARKETT, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Donna Walker[1] appeals her 24-month sentence imposed after pleading guilty to illegal reentry after deportation, in violation of 8 U.S.C. § 1326. Walker argues on appeal that the district court erred in assigning a 12-level increase to her offense pursuant to U.S.S.G. § 2L1.2(b)(1)(B), because her prior conviction under state law did not categorically qualify as a drug trafficking offense within the meaning of the Sentencing Guidelines. She contends certain acts that the Ohio statute criminalizes would not qualify as a drug trafficking offense under § 2L1.2(b)(1)(B) because they do not require the requisite act and *mens rea*. Therefore, she maintains that the court should have looked beyond the language of the statute to consider the factual circumstances of her conviction through examination of certain judicial documents.

"We review questions of law with respect to the district court's application of the Sentencing Guidelines *de novo*." *United States v. Aguilar-Ortiz*, 450 F.3d 1271, 1272 (11th Cir. 2006) (reviewing whether district court correctly interpreted a conviction under a Florida solicitation statute to fall within the meaning of "drug trafficking offense" under U.S.S.G. § 2L1.2). We generally adopt the "categorical approach" to determine "whether a prior conviction is a qualifying offense for

---

[1] It appears that the defendant's true name is Donna Warner. However, for consistency with the proceedings below, we refer to the defendant as Donna Walker.

enhancement purposes." *Id*. at 1273. This approach requires the sentencing court to look no farther than the fact of conviction and the statutory offense to see if it is the equivalent of a relevant offense level-enhancing definition in the Sentencing Guidelines. *United States v. Palomino Garcia*, 606 F.3d 1317, 1328 (11th Cir. 2010). When a violation of a state statute is broader than the offense as described in the Guidelines, so that a state conviction may or may not qualify for an offense level enhancement, this Court employs the modified categorical approach. *Id.* This approach allows a court to consider certain judicial documents to ascertain the factual circumstances of a defendant's prior conviction, and determine whether it warrants an enhancement under the Guidelines. *See id.*

Guideline § 2L1.2(b)(1)(B) provides a 12-level enhancement if the defendant was deported after a conviction for a felony "drug trafficking offense" if the sentence imposed was "13 months or less." The Application Notes to § 2L1.2 state that drug trafficking is "an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of, or offer to sell a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 2L1.2, comment. (n.1(B)(iv)).

In interpreting whether a violation of a state statute categorically falls

3

within the meaning of this particular enhancing provision, we have held that we are not constrained by the element-oriented approach used to interpret the meaning of other provisions, such as a "crime of violence" under the same Guideline section. *See United States v. Madera-Madera*, 333 F.3d 1228, 1231-33 (11th Cir. 2003). There, we examined the Georgia drug trafficking statute and determined that a conviction under it qualified as a drug trafficking offense under U.S.S.G. § 2L1.2 even though all the state statute required for conviction was "possession of 28 grams or more of methamphetamine." We clarified that a state law violation can qualify as a drug trafficking offense under § 2L1.2 even though the literal language of the statute does not contain an element as described in the Sentencing Guidelines. *Id*. We held that where the literal language of the state statute is missing an element of intent to distribute, this element may be inferred from the structure of the state's statutory system. *Id*. In Georgia, the state devised a three-tier system with different, more serious crimes becoming available as the amount of drugs increased. At the top was drug trafficking, which criminalized the possession of 28 grams or more of methamphetamine. *Id.* at 1231.

The Ohio statute Walker was convicted of violating provides: "(A) No person shall knowingly do any of the following: (2) Prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance,

4

when the offender knows or has reasonable cause to believe that the controlled substance is intended for sale or resale by the offender or another person." Ohio Rev. Code Ann. § 2925.03(A)(2) ("Trafficking offenses"). Other circuits have held that the statute triggers § 2L1.2(b). See *United States v. Fuentes-Oyervides*, 541 F.3d 286 (5th Cir. 2008); *United States v. Karam*, 496 F.3d 1157 (10th Cir. 2007) "While the relevant portion of the Ohio statute prohibits conduct which alone may consist of no more than mere possession, it does so only when the offender knows or has reasonable cause to believe the controlled substance is intended for sale or resale by . . . another. This language makes clear that the statute prohibits only acts of distribution." *Karam*, 496 F.3d at 1167-68 (internal quotations and citation omitted). As our precedent makes clear, even if abstract portions of the statutory language could be said to prohibit only acts of possession, it is proper to infer the intent to distribute by looking at the provision in its entirety and in relation to the statutory scheme as a whole. *See Madera-Madera*, 333 F.3d at 1232-33. Looking at the statute in this light, a violation of Ohio Rev. Code Ann. § 2925.03(A)(2) categorically qualifies as a drug trafficking offense within the meaning of the Sentencing Guidelines.

Within her argument discussed above, Walker also argues that because the district court improperly applied the Guidelines, her sentence was procedurally

unreasonable.  Therefore, she alleges, the district court abused its discretion.

Because we hold that a conviction under Ohio Rev. Code Ann. § 2925.03(A)(2) categorically qualifies as a drug trafficking offense, the district court did not misapply the Guidelines.  Therefore, Walker's sentence was procedurally sound, and the district court did not abuse its discretion.

**AFFIRMED.**[2]

---

[2]  Walker's request for oral argument is denied.