**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 3, 2012

No. 11-50566
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALFREDO FLORES JIMENEZ, also known as Alfredo Flores-Jimenez,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 3:10-CR-3221-1

Before BENAVIDES, STEWART, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Alfredo Flores Jimenez, also known as Alfredo Flores-Jimenez (Flores),
appeals the sentence imposed after he pleaded guilty to attempted illegal reentry
after deportation and presenting false identification documents in connection
with that crime. He contends that his sentence was improperly increased
because his prior Virginia conviction did not meet the relevant federal definition
of a drug-trafficking offense. He argues that because the Virginia statute
criminalizes the mere giving of drugs, it is broader than the definition of drug

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

trafficking provided by U.S.S.G. § 2L1.2, comment. (n.1(B)(iv)) and recognized by *United States v. Garza-Lopez*, 410 F.3d 268, 274 (5th Cir. 2005).

We review only for plain error because Flores did not raise the issue in the district court. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Rodriguez*, 523 F.3d 519, 523 (5th Cir. 2008). Flores must show an error that is "clear or obvious, rather than subject to reasonable dispute" and that the error affects his substantial rights; if he does so, we have discretion to correct the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See Puckett*, 556 U.S. at 135.

To determine whether a prior offense was a drug-trafficking offense under § 2L1.2(b)(1)(A)(i), we look at the statutory definition of the prior offense and not at the facts underlying the conviction. *United States v. Reyes-Mendoza*, 665 F.3d 165, 166-67 (5th Cir. 2011). Nonetheless, when a statute can be violated in more than one manner, only some of which are within the relevant federal definition, we may look at certain state court documents to determine whether a prior conviction meets the federal definition. *Rodriguez*, 523 F.3d at 524; *see Shepard v. United States*, 544 U.S. 13, 26 (2005).

The Guidelines define a drug trafficking offense as "an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of, or offer to sell a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." § 2L1.2, comment. (n.1(B)(iv)); *see United States v. Marban-Calderon*, 631 F.3d 210, 212-13 (5th Cir.), *cert. denied*, 132 S. Ct. 129 (2011). The Virginia statute under which Flores was convicted provides that it is unlawful "to manufacture, sell, *give*, distribute, or possess with intent to manufacture, sell, give or distribute a controlled substance or an imitation controlled substance." VA. CODE ANN. § 18.2-248(A) (emphasis added).

The Government does not contest Flores's assertion that the act of giving drugs is outside the Guidelines definition of trafficking. However, the

Government contends that state court documents show that Flores' prior crime was not for giving drugs but for drug trafficking within the relevant definition articulated in § 2L1.2. Even if we assume without deciding that the Virginia statute criminalizes conduct that is not drug trafficking under § 2L1.2, Flores nonetheless fails to show a clear or obvious error in his sentence increase.

The sentencing court had before it, as an attachment to the PSR addendum, the "Conviction and Sentencing Order" from the Virginia case. This Conviction and Sentencing Order, signed by the court, twice describes that Flores possessed methamphetamine with "intent to manufacture, sell, or distribute it, as charged in the indictment." Consistent with that limiting description and acceptable under *Shepard*, the indictment, which exists in the record on appeal, charged that Flores possessed methamphetamine with "intent to manufacture, sell or distribute it." *See Shepard*, 544 U.S. at 16. Consequently, the indictment, and the Conviction and Sentencing Order referring to that indictment, show that Flores was not prosecuted for or convicted of merely giving away methamphetamine. It was not a clear or obvious error, therefore, for the district court to conclude that Flores had been convicted of a drug-trafficking felony. *See Rodriguez*, 523 F.3d at 524. The judgment of the district court is AFFIRMED.

3