# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 16, 2013

No. 12-40974

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOSE VICENTE HERNANDEZ-DE AZA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:12-cr-00580-ALL

Before DENNIS, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jose Vicente Hernandez-de Aza ("Hernandez") appeals the district court's determination that his New York conviction for sale of a controlled substance was a drug trafficking offense. For the following reasons, we AFFIRM.

## FACTS AND PROCEEDINGS

Hernandez pleaded guilty without a plea agreement to illegal re-entry into the United States after a prior deportation, in violation of 8 U.S.C. § 1326(a) and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-40974

(b).  The probation officer prepared a presentence report ("PSR"), which listed three prior New York state offenses: (1) attempted criminal sale of a controlled substance in the third degree for which Hernandez received 5 years probation; (2) criminal possession of a controlled substance in the third degree for which he received 7 to 14 years imprisonment; and (3) criminal sale of a controlled substance in the fifth degree for which he received 18 months to 3 years imprisonment.  The probation officer determined that the first offense fit the definition of an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(B) and qualified for an 8-level increase in offense level under U.S.S.G. § 2L1.2(b)(1)(C); the second offense fit the definition of a "felony" and qualified for a 4-level increase in offense level under U.S.S.G. § 2L1.2(b)(1)(D); and the third offense fit the definition of a "drug trafficking offense" under U.S.S.G. § 2L1.2, cmt. n.1(B)(iv), and qualified for a 16-level increase in offense level under U.S.S.G. § 2L1.2(b)(1)(A).  Pursuant to U.S.S.G. § 2L1.2(b)(1), the probation officer applied the enhancement that yielded the greatest increase in offense level, and recommended a 16-level increase for the 2003 conviction for criminal sale of a controlled substance.

The probation officer set Hernandez's base offense level at 8 pursuant to U.S.S.G. § 2L1.2(a) but recommended a 2-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a), leaving Hernandez with a total combined offense level of 22.  Hernandez was assessed 8 criminal history points, which placed him in a criminal history category of IV, resulting in a Guidelines range of 63 to 78 months.  The Government later moved for (and the district court granted) a one-level reduction in offense level under U.S.S.G. § 3E1.1(b), leaving Hernandez with a total offense level of 21, and a Guidelines range of 57 to 71 months.

Hernandez filed written objections to the PSR, stating that:

No. 12-40974

> Mr. Hernandez-De Aza objects to the proposed 16-level and 8-level enhancements because there is no showing that he was convicted of a drug trafficking offense as set forth in U.S.S.G. § 2L1.2(b)(1)(A)(i) and that he was sentenced to a term of imprisonment or placed on probation, respectively. The Government has not met its burden of proving with competent evidence that Mr. Hernandez-De Aza was convicted of a drug trafficking offense and that he was sentenced to a term of imprisonment exceeding 13 months or that he received probation, respectively.[1] The Government has not produced the kinds of proof that are acceptable for this purpose under *Taylor v. United States*, 495 U.S. 575 (1990) and *Shepard v. United States*, 125 S.Ct. 1254 (2005). . . . Mr. Hernandez- De Aza hereby requests any and all written documentation of the alleged conviction made the subject of the 16-level and 8-level enhancements.
>
> In the alternative, in the event it is determined that Mr. Hernandez-De Aza was so convicted, it is urged that it has not been established that same is a drug trafficking offense. No more than a four-level upward adjustment should be made.

Hernandez also requested a departure from the Guidelines range, urging that "a sentence well below the recommended guideline range is sufficient to comply with the requisites of 18 U.S.C. § 3553(a)."

In response to the objections, the probation officer forwarded copies of the New York judgment, information, and statute of conviction to the district court, the prosecutor, and defense counsel. At sentencing, defense counsel noted that he had "now seen the documents," but argued that the documents were "not sufficient to establish that, in fact, Mr. Hernandez was convicted of a drug trafficking offense." He also argued, in the alternative, that "the elements required in order to prove a conviction for either of these offenses expands more broadly than the typical definition of a drug trafficking offense," although he was unable to provide a specific example of how the statute was overly-broad.

---

[1] On appeal, Hernandez does not challenge that his sentence was for a term longer than 13 months.

No. 12-40974

The district court ruled that the New York statute categorically qualified as a drug trafficking offense, and that the documentation provided established that Hernandez was convicted of violating that statute. The district court acknowledged that there was no indictment included with the documentation, but that there was an "information that reflects the charge as being attempted criminal sale of a controlled substance," as well as a "Certificate which references, again, the same statute."

The district court calculated the Guidelines range, balanced the § 3553(a) factors, and sentenced Hernandez to 57 months imprisonment, at the bottom of the Guidelines range. Hernandez appeals, challenging only the imposition of the 16-level enhancement.

## STANDARD OF REVIEW

"This Court reviews *de novo* a district court's conclusion that a prior conviction constitutes a drug trafficking offense." *United States v. Henao-Melo*, 591 F.3d 798, 801 (5th Cir. 2009). Hernandez argues on appeal that the definition of "sell" under New York law is broader than the conventional definition of sell, and therefore the statute of conviction is not categorically a drug trafficking offense. However, before the district court, Hernandez only argued that the New York offense was not a drug trafficking offense, and that it "expand[ed] more broadly than the typical definition of a drug trafficking offense." Because Hernandez made no argument in support of his position that the New York offense was overly broad, as he concedes, this court reviews his claim on appeal for plain error only. *United States v. Chavez-Hernandez*, 671 F.3d 494, 497 (5th Cir. 2012). Under plain error review, this court evaluates whether (1) there was an error, (2) which was plain, (3) that affected the defendant's substantial rights, and (4) seriously affected the fairness, integrity, or public reputation of the judicial proceedings. *United States v. Olano*, 507 U.S.

4

No. 12-40974

725, 732 (1993); *United States v. Mudekunye*, 646 F.3d 281, 295-96 (5th Cir. 2011).

## DISCUSSION

Under the categorical approach of *Taylor v. United States*, 495 U.S. 575, 602 (1990), "a district court looks to the elements of a prior offense, rather than to the facts underlying the conviction, when classifying a prior offense for sentence enhancement purposes." *United States v. Garza-Lopez*, 410 F.3d 268, 273 (5th Cir. 2005) (citing *Taylor*, 495 U.S. at 602; *United States v. Gracia-Cantu*, 302 F.3d 308, 309 (5th Cir. 2002)). "In a 'narrow range of cases,' however, a district court may look beyond the elements of the offense when making such a determination," *Id.* (quoting *Taylor*, 495 U.S. at 602), if the statute is a "divisible statute." *Descamps v. United States*, 133 S.Ct. 2276, 2281 (2013). If one or more alternative elements of the offense matches the generic offense, the modified categorical approach permits sentencing courts to consider supplemental documents to determine which alternative formed the basis of the defendant's prior conviction. *Id.*

### i.     *Statutory elements*

The first question is whether the statutory elements of the New York law render it, categorically, a drug trafficking offense. Hernandez was convicted of attempted criminal sale of a controlled substance in the fifth degree in violation of New York Penal Law § 220.31, which prohibits the "knowing[] and unlawful[] s[ale of] a controlled substance." A drug trafficking offense is defined as "an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of, or offer to sell a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, export, distribute, or dispense." U.S.S.G. § 2L1.2, cmt. n.1(B)(iv).

Hernandez argues that New York Penal Law § 220.31 cannot be treated categorically as a drug trafficking offense because the definition of "sell" under

5

the New York law is broader than the conventional definition of the term "sell." *See United States v. Ellis*, 564 F.3d 370, 372 (5th Cir. 2009) ("If the state definition for an offense is broader than the generic definition, a conviction under that state's law cannot serve as a predicate for the enhancement."); *see also United States v. Ford*, 509 F.3d 714, 721 n.11 (5th Cir. 2007). The New York statutory definition for the offense provides that "sell" means "to *sell, exchange, give or dispose of* to another, or *offer or agree* to do the same." New York Penal Law § 220.00(1) (emphasis added).

Hernandez relies heavily on *United States v. Garza-Lopez* to argue that offers to sell controlled substances do not fit within the Guidelines definition of a drug trafficking offense. 410 F.3d at 274. However, the Guidelines were amended in November 2008 to explicitly include offers to sell within the definition of a drug trafficking offense. *United States v. Marban-Calderon*, 631 F.3d 210, 212 (5th Cir. 2011). This argument is without merit.

The proper question is whether, under New York's definition of "sell," the terms "sell," "exchange," "give," and "dispose of" fit within the definition of "distribution or dispensing" controlled substances, which in turn fit the definition of a drug trafficking offense.[2] Although this circuit has addressed this issue in analogous contexts, it has not yet answered this question as it applies to the New York statute in question, and particularly its use of the term "give." *See Marban-Calderon*, 631 F.3d at 212-13 (holding that a statute that prohibits "delivery of a controlled substance—whether by active transfer, by constructive transfer, or by offer to sell—necessarily qualifies as a drug trafficking offense under the Sentencing Guidelines"); *United States v. Fuentes-Oyervides*, 541 F.3d

---

[2]    Because Section 220.00(1) lists "to sell" as one of the definitions of "sell," "[i]n order to give the statute a non-circular definition, the term 'to sell' as it is used within the statutory definition of 'sell' must be given its ordinary meaning." *United States v. Stanley*, 281 F. App'x 370, 373 (5th Cir. 2008) (unpublished).

No. 12-40974

286, 289 (5th Cir. 2008) (when an offense requires "the actual distribution of a controlled substance rather than mere possession," all violations of that statute "qualify under the first part of the Guideline as 'distribution' of a controlled substance" (internal quotation marks omitted)); *United States v. Sandoval-Ruiz*, 543 F.3d 733, 735 (5th Cir. 2008) (holding that a statute which prohibited delivery of a controlled substance "fit comfortably within the federal definition of a drug-trafficking offense"); *see also United States v. Wallace*, 532 F.3d 126, 129 (2d Cir. 2008) (holding that distribution does not require remuneration); *United States v. Cormier*, 468 F.3d 63, 70 n.3 (1st Cir. 2006) (same); *United States v. Washington*, 41 F.3d 917, 919-20 (4th Cir. 1994) (same); Shorter Oxford English Dictionary, Vol. I 710 (6th ed. 2007) (defining "dispense" as "distribute, deal out; *give out* as a share from a general stock" (emphasis added)). *But see United States v. Flores Jimenez*, 472 F. App'x 310, 311 (5th Cir. 2012) (assuming, without deciding, that "giving" drugs to another is not categorically a drug trafficking offense).

Hernandez also alleges that an offer to give or dispose of a controlled substance is outside the current definition of the Guidelines, which prohibit only offers to *sell* controlled substances. On one hand, "offer to sell" could be interpreted to include an offer to do any of the activities preceding that clause in the statutory definition, giving the statute a similar structure to the New York offense. Under this construction, an offer to give a controlled substance would fit within the Guidelines definition of a drug trafficking offense, assuming "give" also fit this definition. *See infra.* On the other hand, "offer to sell" could be interpreted disjunctively, excluding mere distribution or dispensation without monetary gain.

Because our case law has not yet conclusively answered the question of whether the act of "giving" or "offering to give" a controlled substance fits the definition of a drug trafficking offense under the post-2008 version of the

No. 12-40974

Guidelines, *see, e.g., United States v. Castillo-Estevez*, 597 F.3d 238 (5th Cir. 2010) (assuming, without deciding, that a New York statute prohibiting criminal sale of a controlled substance qualified as a drug trafficking offense under the amended Guidelines); *but see Flores Jimenez*, 472 F. App'x at 311 (assuming the contrary, also without deciding), the district court's conclusion that the New York statute categorically qualified as a drug trafficking offense, if in error, did not rise to the level of an error that was "clear or obvious." *Ellis*, 564 F.3d at 377 (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)). Hernandez has not pointed to any case which conclusively demonstrates that the New York statute is broader than the definition of a drug trafficking offense under the amended Guidelines, and the New York statute is capable of varying interpretations, at least one of which could render it a drug trafficking offense under the categorical approach. We hold that this issue is subject to reasonable dispute, and therefore decline to disturb the district court's ruling on plain error review. *See id.* at 377-78.[3]

## CONCLUSION

The judgment of the district court is AFFIRMED.

---

[3]     The Supreme Court recently held that a conviction under a Georgia statute similar to the New York statute at issue here did not amount to a felony under the Controlled Substances Act. *See Moncreiffe v. Holder*, 133 S.Ct. 1678 (2013). It is not yet clear how and to what extent that opinion will influence this circuit's treatment of drug trafficking offenses under U.S.S.G. § 2L1.2. *See Ford*, 509 F.3d at 717 n.2 (acknowledging that the definition of "controlled substance offense" may inform the definition of "drug trafficking offense"); *see also Davila v. Holder*, 381 F. App'x 413, 415 (5th Cir. 2010) (holding that a New York conviction for criminal sale of a controlled substance was not a felony under the Controlled Substances Act because the Act did not prohibit offers to sell). Until a more explicit statement is made by this court, this holding is not sufficient to render the district court's error "plain."