<u>NOT RECOMMENDED FOR PUBLICATION</u>
File Name: 20a0361n.06

Case No. 19-3025

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
Jun 18, 2020
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| RYAN D. MALONE, | ) |
|     Petitioner-Appellant, | ) |
| | ) |
| v. | ) ON APPEAL FROM THE UNITED |
| | ) STATES DISTRICT COURT FOR |
| UNITED STATES OF AMERICA, | ) THE NORTHERN DISTRICT OF |
| | ) OHIO |
|     Respondent-Appellee. | ) |
| | ) |

**BEFORE: BOGGS, GRIFFIN, and READLER, Circuit Judges.**

**PER CURIAM.** Ryan Malone appeals from the denial of his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Malone asks that his sentence be vacated on the grounds that his counsel on direct appeal provided ineffective assistance by failing to challenge whether Malone's prior controlled substance offense satisfied the requirements for a Guidelines-imposed sentencing enhancement. Finding no error in the district court proceedings, we **AFFIRM.**

## BACKGROUND

This is Malone's third appearance before this court to challenge the sentence imposed following his 2015 guilty plea to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), in relation to a kidnapping. At his initial sentencing hearing, Malone's Guidelines range was 130 to 162 months. That range was driven in part by an enhancement to Malone's base

offense level due to two of Malone's prior felony convictions. *See* U.S.S.G. § 2K2.1(a)(2). Under § 2K2.1(a)(2), a defendant's base offense level is increased when the defendant has at least two prior felony convictions for either a "controlled substance offense" or a "crime of violence." Malone had both. His controlled substance offense predicate was an Ohio conviction for drug trafficking, in violation of Ohio Revised Code § 2925.03(A)(2). And the district court also determined that a prior aggravated burglary conviction qualified as a crime of violence under the Guidelines. *United States v. Malone*, 646 F. App'x 454, 456 (6th Cir. 2016). The district court sentenced Malone to the statutory maximum of 120 months of imprisonment.

Around the time of Malone's sentencing, the Supreme Court struck down, on vagueness grounds, the residual clause of the Armed Career Criminal Act. *See Johnson v. United States*, 135 S. Ct. 2551 (2015). In light of *Johnson*, we held that Malone's aggravated burglary conviction no longer qualified as a "crime of violence" because the Guidelines definition was similar to the statutory definition of "violent felony" invalidated in *Johnson*. *Malone*, 646 F. App'x at 457–58.

After removing the crime of violence designation, Malone was left with only one offense relevant under U.S.S.G. § 2K2.1(a)—his prior Ohio drug trafficking conviction. His base offense level thus dropped by four levels. U.S.S.G. § 2K2.1(a)(4)(A). The Guidelines range on remand was 92 to 115 months. At his resentencing hearing, Malone challenged application of this enhancement as well, arguing that by operation of the "modified categorical approach," his drug offense did not qualify as a Guidelines controlled substance offense. Malone also challenged application of a separate enhancement for possessing a firearm in connection with his underlying kidnapping charge, in addition to arguing that his criminal history score over-represented his past criminal conduct. As before, the government sought the statutory maximum 120-month sentence, asserting that the aggravating factors of the case coupled with Malone's criminal history

distinguished Malone from the typical felon-in-possession defendant. Rejecting Malone's enhancement challenges and finding that the aggravating factors and Malone's criminal history justified a five-month upward variance, the court again sentenced Malone to 120 months in prison.

On appeal, Malone's counsel challenged the sentence's procedural and substantive reasonableness. Counsel also reiterated two arguments raised at Malone's re-sentencing: one, that there was insufficient evidence to enhance Malone's sentence for possessing a firearm in relation to the felony kidnapping offense, and two, that Malone's criminal history score over-represented his past criminal conduct. Equally relevant, for today's purposes, was an argument appellate counsel did not make, namely, a challenge to the application of the controlled substance offense enhancement. We affirmed.

Malone then filed the present action under 28 U.S.C. § 2255. He claims that his appellate counsel's failure to challenge the controlled substance offense enhancement amounted to constitutionally ineffective assistance. Without this enhancement, Malone's Guidelines range on remand would have dropped from 92 to 115 months to as low as 51 to 63 months. *See* U.S.S.G., § 5A, Sentencing Table. The district court denied Malone's § 2255 motion, and he timely appealed.

## ANALYSIS

We review the denial of Malone's § 2255 motion de novo. *Neill v. United States*, 937 F.3d 671, 675–76 (6th Cir. 2019). We review the district court's factual findings for clear error. *Id.* at 675.

1. The thrust of Malone's appeal is his claim for ineffective assistance of appellate counsel. To prevail on that claim, Malone must show both that his counsel performed deficiently and that he was prejudiced by counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668,

3

687–91 (1984). Malone attempts to demonstrate deficient performance by showing that the unraised Guidelines issue "was clearly stronger than issues that counsel did present" on appeal. *Webb v. Mitchell*, 586 F.3d 383, 399 (6th Cir. 2009) (quoting *Smith v. Robbins*, 528 U.S. 259, 285, 288 (2000)). In assessing counsel's decisionmaking, we consider "counsel's perspective at the time" of the appeal, not with the benefit of hindsight. *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Strickland*, 466 U.S. at 689).

Appellate counsel's performance was not deficient. Failing to raise an argument that is contradicted by existing precedent is not constitutionally defective, *Baker v. Voorhies*, 392 F. App'x 393, 401–02 (6th Cir. 2010), unless a change in the law was "clearly foreshadow[ed]." *Thompson v. Warden, Belmont Corr. Inst.*, 598 F.3d 281, 288 (6th Cir. 2010) (quoting *Lucas v. O'Dea*, 179 F.3d 412, 420 (6th Cir. 1999)). At the time of Malone's appeal, we had held, in unison with our sister circuits, that Ohio Revised Code § 2925.03(A)(2) categorically qualified as a controlled substance offense for Guidelines purposes. *See United States v. Robinson*, 333 F. App'x 33, 35–36 (6th Cir. 2009); *United States v. Wright*, 43 F. App'x 848, 852–53 (6th Cir. 2002); *see also United States v. Walker*, 429 F. App'x 874, 876–77 (11th Cir. 2011); *United States v. Fuentes-Oyervides*, 541 F.3d 286, 289 (5th Cir. 2008) (per curiam) (holding that the Ohio statute qualifies under the similar drug trafficking offense guideline in U.S.S.G. § 2L1.2); *United States v. Miles*, 266 F. App'x 534, 535–36 (9th Cir. 2008); *United States v. Karam*, 496 F.3d 1157, 1167–68 (10th Cir. 2007).

No material change to this line of cases, moreover, was clearly foreshadowed. While there has been some development in the law since that time, the trendline is not favorable to Malone. Malone's Guidelines argument is now squarely foreclosed by *United States v. Smith*, __F.3d__, 2020 WL 3026546 (6th Cir. 2020), decided while Malone's appeal was pending. In *Smith*, we

held that Ohio Revised Code § 2925.03(A)(2) categorically qualifies as a controlled substance offense under the Sentencing Guidelines. *Id.* at *5. That conclusion, we observed, is correct even in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016). Following *Mathis*'s instruction on how to determine divisibility, we held that Ohio Revised Code § 2925.03(A)(2) is not divisible, meaning all of the alternative ways of violating that section must fall within the Guidelines definition. *Smith*, 2020 WL 3026546, at *5–6. And, as we further explained in *Smith*, they do, because each alternative in § 2925.03(A)(2) amounts to possession with intent to distribute or distribution, both of which fall under the Guidelines definition. *Id.* Malone's *Strickland* argument is thus foreclosed on this ground too. Counsel, after all, is not ineffective for failing to raise an issue that, like Malone's Guidelines argument, lacks merit. *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001).

2. Resisting this conclusion, Malone argues that our order granting him a certificate of appealability already determined the outcome of *Strickland*'s first prong in his favor, making that determination the "law of the case." This argument misreads both the terms of and purpose behind the order. True, the certificate of appealability stated that Malone's Guidelines "argument was 'clearly stronger' than the two arguments presented [on appeal]." In granting a certificate of appealability, however, we take only a "threshold look—or a peek—at the merits of a petitioner's claims," without "conduct[ing] a full merits inquiry." *Dufresne v. Palmer*, 876 F.3d 248, 254 (6th Cir. 2017). Yet that initial look at the merits does not resolve them. The order itself reflected its limited scope: "jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Nor could the order have done more in light of the Supreme Court's instruction that "[a] court of appeals should limit its examination [when determining whether to issue a COA] to a threshold inquiry into the underlying merit of [the] claims," asking "only if the

District Court's decision was debatable." *Buck v. Davis*, 137 S. Ct. 759, 774 (2017) (third alteration in original) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327, 348 (2003)). That debate has now been settled.

**CONCLUSION**

For the aforementioned reasons, we **AFFIRM** the judgment of the district court.